IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS GORZELSKY, Plaintiff, | ) | |
| v. | ) | Civil Action No. 09-120J |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, Defendant. | ) | |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 27th day of September, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending applications[1] for benefits on December 1, 2005, alleging a disability onset date of June 30, 2003, due to a knee impairment and several mental impairments including depression, anxiety and attention deficit disorder. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on April 10, 2007, at which plaintiff, represented by counsel, appeared and testified. On June 29, 2007, the ALJ issued a decision finding that plaintiff is not disabled. On February 27, 2009, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

---

[1] Plaintiff filed prior applications for disability insurance benefits and supplemental security income on March 25, 2004, alleging an onset date of January 1, 2003, which were denied in an ALJ's decision dated August 26, 2005. The Appeals Council later denied a request for review of that decision and plaintiff appealed to the United States District Court for the Western District of Pennsylvania. By decision dated February 20, 2007, the Honorable Kim R. Gibson affirmed the decision of the Commissioner and plaintiff sought no further review. Accordingly, the finding of not disabled for the time period prior to August 26, 2005, is final and binding. 20 C.F.R. §404.987(a) and 416.1487(a). The relevant time frame for plaintiff's pending applications therefore is August 27, 2005, thru the date of the ALJ's decision, and plaintiff was required to show that he became disabled during that relevant time period.

AO 72
(Rev. 8/82)

Plaintiff was 44 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and §416.963(c). He has at least a high school education. Plaintiff has past relevant work experience as a clerical teller/data entry clerk, salesperson and technician/ business machine repairer, but he has not engaged in any substantial gainful activity during the relevant time period at issue.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of a history of left knee injury, status post-arthroscopic surgery, major depressive disorder, anxiety, an adjustment disorder and an attention deficit hyperactivity disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity for work at the light exertional level but with certain restrictions recognizing the limiting effects of his impairments. (R. 20). Taking into account those limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon his age, education, work experience and residual functional capacity, including small

✎AO 72
(Rev. 8/82)

parts assembler, racker (bakery) and bagger (dry cleaner). Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §§404.1520 and

---

[2] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents

416.920. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises three challenges to the ALJ's findings: (1) the ALJ improperly analyzed the medical evidence by failing to give appropriate weight to opinions from plaintiff's treating sources; (2) the ALJ failed to consider the impact of all of plaintiff's medical conditions, severe and not severe, in combination in assessing plaintiff's residual functional capacity, in particular a sleep disturbance condition and osteoarthritis; and, (3) the ALJ failed to account for the side effects of plaintiff's medications. Upon a review of the record, the court finds that all of the ALJ's findings and conclusions are supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence by erroneously failing to give controlling weight to certain opinions of his treating sources. Specifically, plaintiff contends that the ALJ erred by not adopting the "functional capacity conclusion" of Dr. Millward of the treatment team at Nulton Diagnostic and Treatment Center, who concluded on a medical assessment form that plaintiff had no ability to perform a significant number of work-related activities due to his mental impairments. (R. 216).

---

a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

AO 72 (Rev. 8/82)

Plaintiff also argues that Dr. Millward's assessment is corroborated by Dr. Palmer, who performed a psychological examination of plaintiff and concluded that he "possessed serious questions regarding [plaintiff's] capacity to accurately process, retain, and implement directives, to sustain attention to tasks, to relate appropriately to others, and to tolerate stressors in the environment." (R. 207). Upon a review of the record, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.927(d); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. The ALJ expressly addressed the opinions

AO 72
(Rev. 8/82)

from both Dr. Millward and Dr. Palmer and explained why he did not give those opinions significant weight. (R. 23-24).

In particular, the ALJ noted that Dr. Millward's assessment is: (1) not supported by his own treatment notes, which "contain very little in the way of objective findings;" (2) is inconsistent with other medical evidence in the record, including the opinions of Dr. Turko and Dr. Haslett; (3) is not supported by plaintiff's conservative course of treatment for his mental impairments; and, (4) is inconsistent with plaintiff's wide range of daily activities, which include being the primary care-giver for his disabled wife and four children, two of whom also are disabled. (R. 23-24).[3]

Likewise, the ALJ adequately explained his rationale for giving little weight to Dr. Palmer's opinion, noting that Dr. Palmer's conclusions are inconsistent with his own objective findings, which included a finding that plaintiff is only mildly impaired in concentration and processing skills, and also inconsistent with the findings and opinions of Dr. Haslett and Dr. Turko as well as with plaintiff's activities of daily living. (R. 24).

The record clearly supports the ALJ's evaluation of the foregoing medical evidence. First, the opinion of a physician,

---

[3] The court notes that Dr. Millward's assessment is dated August 3, 2005, which is outside the relevant time period at issue in this case. In fact, Judge Gibson's opinion affirming the denial of plaintiff's original applications for benefits discusses the ALJ's evaluation of this same August 3, 2005, assessment.

AO 72
(Rev. 8/82)

treating or otherwise, on the issue of what an individual's residual functional capacity is or on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p.

Here, based upon his review of the entire record, the ALJ concluded that plaintiff's impairments, while severe, do not result in the debilitating limitations set forth by Dr. Millward or Dr. Palmer. Because their opinions are not supported by the objective medical evidence and are inconsistent with other substantial evidence in the record, including their own findings, the ALJ did not err in not giving those opinions controlling, or even significant, weight. 20 C.F.R. §§404.1527(d) and 416.927(d); SSR 96-2p.

To the extent plaintiff suggests that the ALJ improperly relied on the opinions of the non-examining state agency reviewing psychologist, Dr. Haslett, at the expense of her treating sources, that argument is not well-taken. Pursuant to the Regulations, state agency psychological consultants are "highly qualified ... psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §§404.1527(f)(2)(i) and 416.927(f)(2)(i). Accordingly, while not bound by findings made by reviewing psychologists, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §§404.1527(f)(2)(ii) and 416.927(f)(2)(ii); SSR 96-6p.

Here, the ALJ evaluated Dr. Haslett's findings as well as Dr. Millward's and Dr. Palmer's and found that Dr. Haslett's were entitled to greater weight as being more consistent with the objective medical findings and with the overall record as a whole. The ALJ adequately explained his reasons for doing so and set forth the objective evidence which he believed supported his finding. (R. 22). The court is satisfied that the ALJ's evaluation of Dr. Haslett's report also is supported by substantial evidence.[4]

In sum, the ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he rejected or discounted any evidence. (R. 20-25). The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff's second argument is that the ALJ failed to consider the impact of all of plaintiff's medical conditions, severe and not severe, in combination in assessing plaintiff's residual functional capacity. Specifically, he contends that the ALJ failed to consider plaintiff's sleep disorder/insomnia and osteoarthritis. Plaintiff's argument is belied by the record.

---

[4] To the extent plaintiff argues that Dr. Haslett "failed to evaluate plaintiff regarding all of his severe impairments," and specifically, failed to consider attention deficit disorder in her evaluation of plaintiff, the record establishes that Dr. Haslett in fact considered all of plaintiff's mental impairments, and she expressly stated that plaintiff reported that he is treated for "Depression, ADHD and Anxiety." (R. 161).

AO 72
(Rev. 8/82)

Initially, the ALJ specifically noted in his decision that he considered all of plaintiff's impairments in combination and his residual functional capacity finding, which incorporates limitations arising from all of plaintiff's impairments, demonstrates that he did just that. (R. 20-25). Upon review, the court is satisfied that in assessing plaintiff's residual functional capacity the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's assessment is supported by substantial evidence.

Moreover, the record shows that the ALJ specifically considered plaintiff's allegations of insomnia, noting that plaintiff had reported to Dr. Haslett that he had been having trouble sleeping. (R. 22). However, the record contains no evidence that plaintiff was ever diagnosed with a sleep disorder, or that any medical source recommended further evaluation for his sleeping difficulties, such as a sleep study. To the contrary, Dr. Koban simply discussed with plaintiff proper sleep techniques to improve his sleep. (R. 213).

Finally, even if plaintiff's insomnia could be construed to be an "impairment," it is well settled that disability is not determined merely by the presence of an impairment, but by the effect that an impairment has upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Here, plaintiff has failed to allege, either to the Commissioner or to this court, a single limitation

arising from a sleep disorder which would impair his ability to perform substantial gainful activity.

As to plaintiff's allegation that the ALJ failed to consider the effects of osteoarthritis, plaintiff failed to mention that condition as a basis for disability during the entire administrative proceeding. Under the regulations, the ALJ is to consider only the impairments a plaintiff alleges to have or about which the ALJ receives evidence. 20 C.F.R. §§ 404.1512(a) and 416.912(a).

Here, plaintiff did not allege osteoarthritis as a disabling impairment at the administrative level, nor was he ever definitively diagnosed with osteoarthritis by any treating source. Although Dr. Massoud suggested that plaintiff *may* have *some* osteoarthritis, (R. 172), the record contains no objective diagnostic evidence that plaintiff in fact suffers from that impairment, and, even more significantly, the record is bereft of any evidence that plaintiff has any functional limitations arising from any arthritic condition. Accordingly, the court finds no error in the ALJ's decision.

Plaintiff's remaining argument is that the ALJ failed to consider the side effects of plaintiff's medications, namely weight gain, dizziness/shakiness and fatigue, in assessing plaintiff's residual functional capacity. However, plaintiff's contention simply is not supported by the record. The ALJ specifically noted in his decision that plaintiff's treatment notes from Dr. Millward "show no significant adverse side effects

AO 72
(Rev. 8/82)

to [plaintiff's] use of multiple medications for his mental impairments." (R. 23).

Moreover, the record shows that at an appointment for a medications check on January 9, 2007, plaintiff reported that he was tolerating his medication regimen "well" and he denied experiencing any side effects from medications. (R. 238). In assessing plaintiff's residual functional capacity the ALJ found no side effects of medications resulting in any serious functional limitations. Substantial evidence in the record supports this determination. See Burns v. Barnhart, 312 F.3d 112, 131 (3d Cir. 2002)(ALJ's decision to discount allegations of side effects supported by substantial evidence where record contained no medical evidence as to any serious functional limitations arising from any side effects).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

AO 72
(Rev. 8/82)

cc: John D. Gibson, Esq.
 131 Market Street
 Suite 200
 Johnstown, PA 15901

 John J. Valkovci, Jr.
 Assistant U.S. Attorney
 319 Washington Street
 Room 224, Penn Traffic Building
 Johnstown, PA 15901